52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Thomas BROWN, Defendant-Appellant.
 No. 94-10340.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1995.*
Decided April 13, 1995.
 
 Before: SNEED, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Thomas Brown seeks to overturn his sentence after pleading guilty to two counts of attempted carjacking and one count of use of a firearm during a crime of violence. Brown raises only one issue on appeal: He contends that the Double Jeopardy Clause prohibits punishing him for both carjacking and the firearm violation because the two statutes proscribe the same conduct. This court has jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Cumulative punishment does not violate the Double Jeopardy Clause if Congress' intent to authorize such punishment is clear. Missouri v. Hunter, 459 U.S. 359, 369 (1983). This court recently concluded that Congress intended to impose cumulative punishment under the carjacking statute, 18 U.S.C. Sec. 2119, and the statute prohibiting use of a firearm during a crime of violence, 18 U.S.C. Sec. 924(c). United States v. Martinez, No. 93-50803, slip op. at 2552-53 (9th Cir. Mar. 7, 1995). Therefore, Brown can be punished under both statutes without violating the Double Jeopardy Clause. Id.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3